UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRADY GUILBERT,          : | |
|     Petitioner,          : | |
| :  | |
| v.          : | No. 3:13-cv-01391 (JAM) |
| :  | |
| PETER MURPHY,          : | |
|     Respondent.          : | |

**RULING ON RESPONDENT'S MOTION TO STAY OR DISMISS [Doc. #8] AND PETITIONER'S MOTION TO STAY, WITHDRAW OR DISMISS [Doc. #11]**

Petitioner Brady Guilbert has filed this habeas corpus action pursuant to 28 U.S.C. § 2254, challenging his state convictions for capital felony, murder and assault. Respondent has moved to stay or dismiss the petition because petitioner has not exhausted his state court remedies with regard to all grounds for relief. In response, petitioner has moved to stay, withdraw, or dismiss this action without prejudice to refiling. For the reasons that follow, petitioner's motion is granted, and the case is dismissed as withdrawn without prejudice to timely refiling. Respondent's motion to stay or dismiss is denied as moot.

**BACKGROUND**

Petitioner was convicted of capital felony, murder, and assault after a jury trial in Connecticut state court. He is serving a sentence of life imprisonment without the possibility of release, plus twenty years. *See State v. Guilbert*, 306 Conn. 218, 220, 49 A.3d 705 (2012). On direct appeal, petitioner challenged his conviction on two grounds: (1) that the trial court improperly precluded him from presenting expert testimony about the fallibility of eyewitness identification testimony, and (2) that the trial court improperly denied his motions for mistrial and a new trial, filed as a result of the state's delayed disclosure of allegedly exculpatory evidence. The Connecticut Supreme Court affirmed petitioner's convictions on September 4,

2012. *See id.* at 220–21. Petitioner did not seek certiorari from the United States Supreme Court. On September 11, 2013, petitioner filed a state habeas corpus action, which remains pending.

## DISCUSSION

A federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). With certain exceptions, a prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is that a petitioner have previously presented and fully exhausted his federal claims in the state courts. *Id.* § 2254(b)(1)(A); *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011); *see also Cotto v. Herbert*, 331 F.3d 217, 237 (2d Cir. 2003) (a petitioner must present "the essential factual and legal premises of his federal constitutional claim to the highest state court capable of reviewing it") (citation omitted). As the Second Circuit has explained, the exhaustion rule "ensur[es] that state courts receive a legitimate opportunity to pass on a petitioner's federal claims and that federal courts respect the state courts' ability to correct their own mistakes." *Galdamez v. Keane*, 394 F.3d 68, 72–74 (2d Cir. 2005) (Sotomayor, J.).

In his federal petition, petitioner challenges his convictions on four grounds: (1) that the trial court improperly denied his motion for mistrial when the state failed to disclose an exculpatory videotape in its possession, (2) that the trial court abused its discretion when it excluded petitioner's eyewitness identification expert, (3) that the trial court violated petitioner's right to a fair trial by granting the state's motion for joinder, and (4) that petitioner's counsel was ineffective.

Respondent contends that petitioner has only exhausted his state court remedies with

regard to the first two grounds for relief, which were the grounds petitioner raised on direct appeal. He has not presented the third ground for relief to any state court, and the fourth ground for relief is included in the pending state habeas action. Thus, petitioner has filed a mixed petition, containing both exhausted and unexhausted claims. Federal district courts are generally required to dismiss mixed petitions. *See Pliler v. Ford*, 542 U.S. 225, 230 (2004) (citing *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982)).

Respondent moves to either dismiss or stay the petition in light of these unexhausted claims. In this case, however, both parties agree that a stay is not warranted, as it is not needed to avoid a potential lapse of the one-year limitations period for the filing of a federal habeas petition. *See* 28 U.S.C. § 2244(d); *see generally Rhines v. Weber*, 544 U.S. 269 (2005) (district court has discretion in certain circumstances to stay a mixed habeas petition containing exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, and then to return to federal court for review of his perfected petition). Here, the one-year limitations period commenced on December 3, 2012, the date when petitioner's conviction became final with the expiry of the time for him to file a petition for writ of certiorari at the United States Supreme Court following the Connecticut Supreme Court's ruling. *See Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir. 2001). The limitations period, however, was tolled 282 days later, on September 11, 2013, when petitioner filed his state habeas petition which remains pending. *See* 28 U.S.C. § 2244(d)(2). Therefore, 83 days of the limitations period remain for petitioner to re-file a federal petition for habeas corpus following any adverse decision from Connecticut's highest court with respect to his state habeas petition.

## CONCLUSION

Petitioner's motion for permission to stay and/or withdraw and/or dismiss [Doc. #11] is GRANTED to the extent that the petition is DISMISSED as withdrawn without prejudice to timely filing a new federal habeas petition promptly after petitioner has fully exhausted his claims by way of the pending habeas proceedings in the Connecticut state courts. Respondent's motion to stay or dismiss [Doc. #8] is DENIED as moot. The Clerk is directed to close this case.

The Court reminds petitioner that, if he wishes to avoid dismissal of any future federal habeas petition, he must first fully exhaust his claims in the Connecticut state courts and, with respect to the claims that he is now pursuing in the Connecticut state courts, he must fully exhaust such claims and file a new federal habeas petition, if at all, within 83 days from the date that the Connecticut Supreme Court either denies a petition for certification or issues an opinion or ruling on any appeal of his pending state habeas action.

**SO ORDERED** this 5th day of January 2015, at Bridgeport, Connecticut.

**Jeffrey Alker Meyer**
Jeffrey Alker Meyer
United States District Judge